**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **A-ONE COMMERCIAL INSURANCE RISK RETENTION GROUP, INC.** § § § | |
| *Plaintiff* § § | |
| § | **CIVIL ACTION NO: 1:21-cv-135** |
| **v.** § § | |
| **MILEAGE PLUS TRANSPORT, LLC.** § § | |
| *Defendant* § | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff A-One Commercial Insurance Risk Retention Group, Inc. ("A-One Commercial Insurance") files this Complaint for Declaratory Judgment against Defendant Mileage Plus Transport, LLC ("Mileage Plus"), and in support thereof, states as follows:

### I.    NATURE OF THE ACTION

1. Plaintiff brings this claim for declaratory judgment pursuant to Federal Rule 57 and 28 U.S.C.A. §2201, 2202. This action for declaratory judgment arises out of an actual and existing controversy concerning the parties' rights, status, and obligations under an insurance policy issued by Plaintiff to named insured Mileage Plus Transport, LLC regarding an underlying lawsuit filed on or about October 22, 2020, styled *Shanell Moseley v. John or Jane Doe and Mileage Plus Transport, LLC.*, Cause No: 611742/2020, in the Supreme Court of New York, County of Nassau (hereinafter "Underlying Lawsuit").

2. Plaintiff seeks a declaration that they do not owe a duty to defend or indemnify Defendant Mileage Plus in the Underlying Lawsuit.

## II. PARTIES

3. Plaintiff is a Tennessee Corporation with its principal place of business located at 424 Church Street, Suite 1401 in Nashville, Tennessee 37019.

4. Defendant Mileage Plus is a Texas limited liability company with a principal place of business at 100 Ramble Lane, Unit 2134 in Austin, Texas 78745. Mileage Plus may be served through its registered agent, Jasmine Smith, 100 Ramble Lane, Unit 2134 in Austin, Texas 78745, or wherever she may be found.

## III. JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity of citizenship among the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

6. Venue is proper in this District and in this Division pursuant to 28 U.S.C. §1391 in that a substantial part of events or omissions giving rise to this claim occurred in this judicial district, the insurance policy at issue was executed in this judicial district, and Defendant Mileage Plus resides and has its principal office in this judicial district.

## IV. FACTUAL BACKGROUND

### A. The Mileage Plus Policy

7. On May 4, 2020, Plaintiff issued insurance policy number A-ONE2020-2898 (the "Policy") to Defendant Mileage Plus.[1] The Policy was accepted and executed in Austin, Texas. The Policy provided Automobile Liability Insurance for Bodily Injury and Property Damage coverage to Mileage Plus for the period May 4, 2020 to May 4, 2021. Coverage is provided in the amount of $1,000,000 for any one loss, subject to a $500 deductible.

---

[1] Exhibit A (Insurance Policy).

8. The Policy provides that, **subject to its terms, exclusions, and conditions**, A-One Commercial Insurance will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" that was caused by an "accident" during the policy period. A-One Commercial Insurance has a duty to defend the insured against any "suit" seeking covered damages but does **not** have to defend the insured against any "suit" to which the insurance does not apply.[2]

9. Section II – Covered Autos Liability Coverage defines who an "insured" is under the Policy. The following are "insureds" (emphasis added):[3]

   a. You [Mileage Plus] for any **covered "auto".**
   b. Anyone else while using with your permission a **covered "auto"** you own, hire or borrow except:
      i. The owner or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".
      ii. Your "employee" or agent if the covered "auto" is owned by that "employee" or agent or a member of his or her household.
      iii. Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.
      iv. Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), a lessee or borrower of a covered "auto" or any of their "employees", while moving property to or from a covered "auto".
      v. A partner (if you are a partnership), or member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.
   c. The owner or anyone else from whom you hire or borrow a **covered "auto"** that is a "trailer" while the "trailer" is connected to another covered "auto" that is a power unit, or, if not connected, is being used exclusively in your business.
   d. The lessor of a **covered "auto"** that is not a "trailer" or any "employee", agent or driver of the lessor while the "auto" is leaded to you under a written agreement if the written agreement between the lessor and you does not require the lessor to hold you harmless and then only when the leased "auto" is used in your business as a "motor carrier" for hire.
   e. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

---

[2] Id., pg. 18-19 of 54.
[3] Id.

10. The Policy also contains an "Excluded Vehicles Endorsement," which provides in relevant part that coverage under the Mileage Plus Policy "does not include any 'accident' or loss resulting from the operation and/or use of any vehicle listed on the [Excluded Vehicles Schedule], and such vehicles are specifically excluded from coverage under the Policy."[4]

11. The Policy also contains an "Excluded Drivers Endorsement," which provides in relevant part that coverage under the Mileage Plus Policy "does not include any 'accident' or loss resulting from the operation and/or use of any covered 'auto' by any individual listed on the [Excluded Driver Schedule]."[5]

12. Section V – Motor Carrier Conditions lists applicable conditions in addition to the Common Policy Conditions under the Policy. The subsection on "Duties in the Event of Accident, Claim, Suit or Loss" includes the following:[6]

   a. We [A-One Commercial Insurance] have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
      i. In the event of "accident", claim, "suit" or "loss" you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:
         1. How, when and where the "accident" or "loss" occurred;
         2. The "insured's" name and address; and
         3. To the extent possible, the names and addresses of any injury persons and witnesses.

## B. The Subject Accident and Investigation

13. On or about August 25, 2020, Pro Guard Insurance Agency, Inc. – an agent of Defendant Mileage Plus – informed Plaintiff about an accident that occurred in New York on August 8, 2020 involving one of Defendant Mileage Plus's vehicles.

14. Despite numerous efforts to obtain necessary information from Mileage Plus, Plaintiff was unable to determine whether this occurrence would be considered a covered loss under the Policy due to the inexistent knowledge of who was driving Mileage Plus's vehicle at

---

[4] Exhibit B (Signed Excluded Vehicles Endorsement).
[5] Exhibit C (Signed Excluded Driver Endorsement).
[6] Exhibit A, pg. 26 of 54.

the time of this accident, whether this driver was potentially excluded under the Policy, what vehicle was being used at the time of this accident, and whether this vehicle was covered under the Policy. On September 24, 2020, Plaintiff sent a Reservation of Rights letter to Defendant Mileage Plus advising of Plaintiff's rights to investigate the matter and deny coverage and indemnity to Defendant Mileage Plus for damages that are not determined to be covered under the Policy.[7]

15. Plaintiff's subsequent investigation determined Defendant's vehicle reported to be involved in the accident made the basis of the Underlying Lawsuit was a 2019 Freightliner with Vehicle Identification Number 3AKJHHDR2KSKP5078 and displaying Illinois license plate number P1010313. **This vehicle was listed on the Policy's "Excluded Vehicles Endorsement," which declines coverage for any accident involving this vehicle.** The Endorsement was effective May 4, 2020. Plaintiff's numerous attempts to determine the name of Mileage Plus's driver, and thus whether the driver was named on the Policy's "Excluded Driver Schedule," have all gone unanswered. Plaintiff sent a Denial of Coverage letter to Defendant Mileage Plus on January 12, 2021.[8]

C. The Underlying Lawsuit

16. On or about October 22, 2020, the Underlying Lawsuit was filed by Shanell Moseley against Defendant Mileage Plus.[9] In the Underlying Lawsuit, Moseley alleges that on or about August 7, 2020, in Bronx County, New York, Moseley suffered injuries after being involved in a hit-and-run accident. Moseley contends that the driver of said vehicle is unknown but that Defendant Mileage Plus maintained the offending vehicle. Moseley contends the accident occurred because of Defendant Mileage Plus's negligence and that Defendant Mileage Plus is

---

[7] Exhibit D (Reservation of Rights Letter).
[8] Exhibit E (Denial of Coverage).
[9] Exhibit F (Underlying Lawsuit).

liable for the actions of its employee who was acting in the course and scope of employment. Based upon the injuries alleged by Moseley in the Underlying Lawsuit, Moseley seeks monetary damages in the form of past and future medical expenses, past and future mental anguish, and property damages.

## V. **CAUSE OF ACTION FOR DECLARATORY JUDGMENT**

17. There is no coverage under the insuring agreement of the Mileage Plus Policy pursuant to the "Excluded Vehicles Endorsement." The relevant part provides that the coverage under the Policy does not cover any accident or loss resulting from the operation and/or use of any vehicle listed on the Excluded Vehicles Endorsement, as such vehicles are specifically excluded from coverage under the Policy.[10]

18. The Excluded Vehicle Endorsement contains the below schedule listing each of the excluded vehicles:

| EXCLUDED VEHICLE SCHEDULE ||||| 
|---|---|---|---|---|
| Year | Make/Model | VIN | Date Excluded | Date Exclusion Removed |
| 2014 | Kenworth | 1XKYDP9X6EJ401204 | 05/04/2020 | |
| 2012 | Peterbilt | 1XPHD49X0CD141743 | 05/04/2020 | |
| 2015 | Freightliner | 3AKJGLD53FSGS5068 | 05/04/2020 | |
| 2018 | Freightliner | 3AKJHHDR0JSJG0716 | 05/04/2020 | |
| 2019 | Freightliner | 3AKJHHDR2KSKP5078 | 05/04/2020 | |
| 2018 | Volvo | 4V4NC9EH0JN895286 | 05/04/2020 | |
| 2018 | Volvo | 4V4NC9EH6JN893154 | 05/04/2020 | |
| 2016 | Peterbilt | 1XPBDP9X4GD281680 | 05/04/2020 | |

19. Through Plaintiff's investigation, the hit-and-run vehicle belonging to Defendant was determined to be a 2019 Freightliner with Vehicle Identification Number 3AKJHHDR2KSKP5078. This vehicle was listed on the Policy's "Excluded Vehicles

---

[10] Exhibit B.

Endorsement," which declines coverage for any accident involving this vehicle and was effective May 4, 2020 – before the August 8, 2020 subject accident.

20. Further, Plaintiff's repeated attempts to Mileage Plus to determine the name of Mileage Plus's driver, and thus whether the driver was named on the Policy's "Excluded Driver Schedule," have all gone unanswered. Nevertheless, an "insured" driver under the Policy is one using a covered auto, and Plaintiff has confirmed the auto is specifically excluded.

21. Based on the allegations in Moseley's pleading, there is no coverage available from A-One Commercial Insurance for the claims asserted in the Underlying Lawsuit under the Policy. Therefore, an actual, justiciable controversy exists between the parties.

22. Plaintiff seeks a judicial declaration that, because there is no coverage available under the Policy, Plaintiff has no duty to defend or indemnify Defendant Mileage Plus in connection with the Underlying Lawsuit and does not have a duty to pay any judgment against Mileage Plus.

## VI. RELIEF REQUESTED

23. Plaintiff respectfully requests that judgment be entered in its favor and against Defendants:

(1) Declaring that the above-referenced Policy provides no policy benefits for the claims against Defendant Mileage Plus in the Underlying Lawsuit;

(2) Declaring that Plaintiff is under no obligation to provide a defense to Defendant Mileage Plus in connection with the Underlying Lawsuit or any other lawsuit filed in connection with the incidents that form the basis of the Underlying Lawsuit;

(3) Declaring that Plaintiff is under no obligation to indemnify Defendant Mileage Plus in connection with the Underlying Lawsuit or any other lawsuit filed in connection with the incidents that are the basis of the Underlying Lawsuit; and

(4)     Awarding Plaintiff such further just and proper relief to which it may be entitled.

## PRAYER

WHEREFORE, Plaintiff respectfully request Defendant to be cited to appear and answer herein, and that upon final trial hereof, the Court award the relief requested against Defendant.

Respectfully submitted,

**THE FUENTES FIRM, P.C.**

/s/ *Stefan Casso*
STEFAN CASSO
State Bar No. 24105582
JUAN ROBERTO FUENTES
State Bar No. 24005405
15600 San Pedro Ave, Ste 304
San Antonio, TX 78232
Telephone: (281) 378-7640
Facsimile: (281) 378-7639
stefan@fuentesfirm.com
juan@fuentesfirm.com